## Pennsylvania R. R. Co. v. Harrisburg Taxicab & Baggage Co.

*Practice, equity—Equity Rule No. 16—Parties—Demurrer—Amendment of bill.*

1. The words "every bill in the introductory part thereof" in Rule No. 16 of the Equity Rules, refer to that part of the bill which precedes the address to the judges.

2. Where a demurrer to a bill in equity is sustained for failure to name all the parties, plaintiffs and defendants, in the introductory part of the bill, the plaintiff may be allowed ten days' time within which to amend the bill.

*Jurisdiction, equity — Adequate remedy at law — Trespass — Continuing trespass—Damages—Failure to aver.*

3. Equity will intervene by injunction to restrain trespasses constantly recurring and which threaten to continue. In such cases it is no objection to the jurisdiction of the court of equity that the injured party may have an action at law.

4. It is not necessary that damages be averred in a bill for an injunction if the facts as set forth in the bill disclose a condition from which damages may be inferred.

5. The continued driving of taxicabs and the standing thereof upon the private property of another, in violation of exclusive rights granted by the owner to a third party, is a trespass of a continuing nature, damages from which may be inferred, and calls for the interference of equity.

Demurrer. Bill for injunction. C. P. Dauphin Co., Equity Docket, No. 737.

*Spencer Gilbert Nauman, J. E. B. Cunningham* and *Charles H. Bergner,* for plaintiffs.

*Stroh & McCarrell,* for defendants.

Fox, J., Jan. 31, 1923.—Four questions are raised by the demurrer to the bill of complaint in this case, which are in substance as follows:

1. That the complainant has not complied with Equity Rule No. 16, in that the bill in the introductory part thereof does not name the parties plaintiffs and defendants, respectively.

2. That the complainant has an adequate and complete remedy at law.

3. That the complainant may not lawfully give exclusive privileges to one transfer company.

4. Complainant does not aver in its bill that it will suffer or sustain irreparable damages or any damages whatsoever.

We take these questions up in their order:

1. It is quite obvious by a perusal of Rule 16 what is meant therein by the words "every bill in the introductory part thereof." It is that part of the bill which precedes the address to the judges, and "shall contain the names of all the parties, plaintiffs and defendants, by and against whom the bill is brought." The objection raised by the demurrer in this respect is sustained, but we will permit the complainant to amend his bill accordingly, giving him ten days' time from the filing of this opinion in which to make the amendment.

2. There is no merit in this objection. In the case of Donovan *v.* Pennsylvania R. R. Co., 199 U. S. 279, the court said: "It only remains to inquire as to the competency of a court of equity to give the railroad company the relief it sought. The defendants insist that equity cannot properly interfere. But the inadequacy of a legal remedy in such a case as this one is quite apparent. According to the record, the attempt of the defendants, despite the objections of the company, to use its station-house and depot grounds for the purpose of meeting passengers and soliciting their patronage was of constant, daily, almost hourly occurrence. The case was one of a continuing trespass, involving injury of a permanent nature. A suit at law could only have determined

3 D. & C.

the particular wrong occurring on a particular occasion, and would not reach other wrongs of like character that would occur almost every hour of each day as passengers arrived at the station of the company. The same state of things existed in reference to such use of the sidewalk in front of the passenger station as unduly interfered with the rights of passengers arriving and departing. Only a court of equity was competent to meet such an unusual emergency, and by a comprehensive decree determine finally and once for all the entire controversy between the parties, thus avoiding a multiplicity of suits and conserving the public interests. No remedy at law would be so complete or efficacious as a suit in equity in such cases as this one."

A full discussion by the lower court of this subject is found in the case of Lehigh Valley R. R. Co. *v.* Graham, rendered by Maxwell, J., whose opinion was affirmed by the Superior Court of Pennsylvania in 64 Pa. Superior Ct. 437, 450. Judge Maxwell, in overruling a similar contention, has cited many cases in the Lehigh Valley case and it is unnecessary to quote from his able opinion here.

The doctrine is well established in Pennsylvania that equity will interfere by injunction to restrain trespasses constantly recurring and which threaten to continue: Stewart's Appeal, 56 Pa. 413; Keppel *v.* Lehigh Coal and Navigation Co., 200 Pa. 649. And in such cases it is no objection to the jurisdiction of the court of equity that the injured party may have a remedy at law: Walters *v.* McElroy, 151 Pa. 549.

3. The law is well settled against this contention of the defendant, and is fully set forth in the cases of Lehigh Valley R. R. Co. *v.* Graham and Donovan *v.* Pennsylvania R. R. Co., 199 U. S. 279.

4. The bill discloses that the plaintiff had the right to revoke and terminate the agreement it had with the defendant at any time; that, under the terms of this agreement, the defendant company had the right with the other taxicab companies to park its cars and solicit the patronage from persons arriving on the trains on the grounds of the plaintiff; that the latter, having concluded that it would be for the best interests of the traveling public to have but one taxicab company parking its cars on its grounds and soliciting patronage, did terminate its agreement with the defendant and made an exclusive agreement with the City Transfer Company, and gave notice accordingly to the defendant company; that, notwithstanding such notice given to the defendant, the latter still continued, and does continue, to park its cars, and, upon the arrival of the trains at the station on the grounds of the plaintiff, solicits business from the persons alighting from the cars and proceeding out of the station.

We think this, as set forth in the bill, discloses such a condition from which damages may be inferred. The plaintiff has the right to use this part of its property as it sees fit, and the defendant has no right to interfere with it. For a valuable consideration, the exclusive right to park cars and solicit patronage is now given to another taxicab company by the plaintiff, and the latter is bound to protect its licensee under this agreement and see that it is not interfered with, as well as to protect itself. If it does not do so, but permits the defendant to interfere, it is liable for damages to its licensee and will itself suffer injury, in that its patrons will be the less well cared for. The nature and frequency of the trespasses by the defendant are such as from which damages will flow, and are such as call for the interference of equity.

And now, Jan. 31, 1923, the defendant's demurrer is sustained, so far as the first reason therein pertains; leave is hereby given the plaintiff to amend

its bill within ten days from the date of filing this opinion, naming the plaintiff and defendant in the introductory part as required by Rule No. 16 of the Rules of Equity, and in default thereof the bill will be dismissed. The demurrer is overruled as to the other reasons contained therein. The defendant shall be required to answer the bill within thirty days after the amendment, as suggested, shall have been made and filed by the plaintiff; in default of an answer, the bill shall be taken against the defendant *pro confesso* and the matter thereof proceeded in and decreed accordingly.

From William Jenkins Wilcox, Harrisburg, Pa.